IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 8 2010

Clerk of Court

| | | |
|---|---|---|
| ETHELVINA CAVAZOS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-058 |
| JOHN BERRY, Director, U.S. Office of Personnel Management, and THE UNITED STATES OF AMERICA, | § § § § § § | |
| Defendants. | § § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 8, 2010, the Court considered the Defendants John Berry and the United States of America's Motion and Memorandum in Support for Summary Judgment Regarding Remaining Claims, and the responses and objections thereto. Dkt. Nos. 53, 57, 59.

In this employment discrimination case, Plaintiff Ethelvina Cavazos alleges that her employers, the United States of America and John Berry, in his official capacity as Director of the United States Office of Personnel Management ("OPM"), engaged in conduct that created a hostile work environment and constituted retaliation against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-3 ("Title VII"). Dkt. Nos. 1, 9. In her complaint, Plaintiff alleges that she was discriminated against as a result of her ethnic background and age. Dkt. No. 9. Although the complaint does not specifically allege a "hostile work environment," Plaintiff states in her complaint one of the Defendant's "employee[s, Helen Farmer,] was hostile towards her."

Defendants argue that the Plaintiff has failed to present any evidence of a causal link between any adverse employment action taken against the Plaintiff and her protected activity. Dkt. No. 50, at 12. Defendants also argue that Plaintiff has not presented any evidence to establish a prima facie case for her hostile workplace claim. *Id.* at 14. Plaintiff responds that she has presented evidence that the Defendants' reasons for their actions against Plaintiff are mere pretext. Dkt. No. 57, at 3.

The factual and procedural background is known to all of the parties to this suit, has been extensively summarized by the Court in its Order granting in part Defendants' first Motion for Summary Judgment, and is undisputed. Dkt. No. 33, at 2-6.

Plaintiff filed her complaint on March 29, 2006. Dkt. No. 1. Plaintiff's complaint states only generally that she "was stripped of her responsibilities for having complained to her supervisor [Leon Ramirez ("Ramirez"), Testing Services Manager for OPM] about an incident she encountered at a test site with [Helen Farmer ("Farmer"), a fellow Test Administrator ("TA")] on October 28, 2003 . . . . Plaintiff was then retaliated against by her supervisors by being relieved of her duties and a hostile work environment being created to date." Dkt. No. 9, at 3. Plaintiff further states that "[a]s a result of the harassment and retaliation, Plaintiff filed an internal EEOC complaint. As a direct result of filing the EEOC complaint, Plaintiff's job assignments were removed in large part and her evaluations were held to be Minimally Successful for one of the elements. Plaintiff's supervisors became openly hostile towards her and she was retaliated against for filing a complaint with [OPM's] Equal Employment Office." *Id.* Plaintiff alleged that "these acts constitute violations of Title VII in that they constitute a hostile work environment and retaliation for filing a claim with the EEO of the Office of Personnel Management." *Id.* at 4.

After a lengthy delay due to Plaintiff's failure to properly serve Defendants, the case resumed activity in November 2007. On August 1, 2008, The Court granted in part summary judgment in favor of the Defendants. Dkt. No. 33. The Court held that Plaintiff has failed to establish: (1) that her complaints communicated to her

supervisor on October 29, 2003 and November 12, 2003 constitute protected activities under Title VII; and (2) the existence of a retaliatory causal connection between allegedly adverse actions taken by Defendants against Plaintiff on November 12, 2003 and Plaintiff's communication with an EEO counselor on December 11, 2003, and therefore, Plaintiff could not establish a prima facie case of retaliation under Title VII based on those allegations. However, the Court denied at that time Defendants' request for summary judgment on (1) Plaintiff's claim of a hostile work environment, and (2) any claims of retaliation based on allegedly adverse conduct that occurred after December 11, 2003. Thus, these are the only claims remaining in this matter.

Defendants filed their Second Motion for Summary Judgment on December 4, 2009. Dkt. No. 50. Plaintiff filed her response on January 25, 2010, and Defendants replied to that response on February 12, 2010. Dkt. Nos. 57, 59.

## I.    Summary Judgment Standard

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 752 (5th Cir. 2006); Lockett v. Wal-Mart Stores, Inc., 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court must view all evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 36 F.3d 1069, 1075 (5th Cir. 1994). Thus, the Court will not, "*in the absence of proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (emphasis in original) (citing Lujan v.

Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)); *see also* TIG Ins. Co. v. Eagle, Inc., Civ. Action No. 05-0179, 2007 WL 861153, at *2 (E.D. La. 2007) (quoting *Little*, 36 F.3d at 1075).

The non-movant has no duty to respond to a motion for summary judgment until the moving party meets its burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993)). Thus, a Court may not grant summary judgment simply because there has been no opposition to the motion. Hibernia Nat'l Bank v. Admin. Cental Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing John v. Louisiana (Bd. of Trustees for State Colleges and Universities), 757 F.2d 698, 709 (5th Cir. 1985)). If the movant fails to meet its initial burden, the nonmovant is not required to respond to the motion. *John*, 757 F.2d at 708. However, if the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891; *see also Ashe*, 992 F.2d at 543. The nonmovant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891. Rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED. R. CIV. P. 56(e); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" Arbaugh v. Y&H Corp., 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

## II.   Analytical Framework for Employment Discrimination Claims

Title VII of the Civil Rights Act of 1964 provides protection for employees and applicants for employment against discrimination on the basis of race, color, religion, sex, or national origin. *See generally* 42 U.S.C. § 2000e-1–2000e-17. Brower v. Runyon, 178 F.3d 1002, 1005 (8th Cir. 1999). These protections apply to employees of federal entities. 42 U.S.C. § 2000e-16. *See* Smith v. Office of Pers. Mgmt., 778 F.2d 258, 262 & n.1 (5th Cir. 1985). Discrimination may be proven through either direct or circumstantial evidence. McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007). Claims of such discrimination based on circumstantial evidence are analyzed under the well-known burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). E.E.O.C. v. Omni Hotels Management Corp., 516 F.Supp.2d 678, 697 (N.D. Tex. 2007) (citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993)). *See* Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 354 (5th Cir. 2001).

Under the framework, the plaintiff must first establish a prima facie case of discrimination. *Celestine*, 266 F.3d at 354. If the plaintiff can do so, the burden of production shifts to the defendant to demonstrate a legitimate, non-discriminatory or non-retaliatory reason for the challenged conduct. *Id.* at 355; *Omni Hotels*, 516 F.Supp.2d at 697. If the defendant can meet this requirement, the burden of production shifts back to the plaintiff to prove by a preponderance of the evidence that the proffered reason is merely pretextual. *Celestine*, 266 F.3d at 355; *Omni Hotels*, 516 F.Supp.2d at 697. If the plaintiff is able to establish this, "the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." *Celestine*, 266 F.3d at 355 (quoting Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th Cir. 2000)). The *McDonnell Douglas* framework applies to both retaliation and hostile work environment employment discrimination claims. *See McCoy*, 492 F.3d at 556; LeMaire v. La. Dep't of Transp. and Dev., 480 F.3d 383, 388–89 (5th Cir. 2007); Thomas v. Norris, No. 1:07-CV-573, 2008 WL 859190,

at *5 (E.D. Tex. Mar. 28, 2008) (citing *Hayatavoudi v. Univ. of La. Sys. Bd. of Trustees*, No. 00-30389, 2000 WL 1835143, at *3 (5th Cir. Nov. 27, 2000)).

### III. Analysis of Plaintiff's Retaliation Claim

In accordance with the *McDonnell Douglas* test, to survive summary judgment on a Title VII unlawful retaliation case, Plaintiff must first establish her prima facie case by showing that "(1) [she] participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy*, 492 F.3d at 556–57 (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)); *LeMaire*, 480 F.3d at 388. An employee engaged in a protected activity if she "opposed any practice made an unlawful employment practice by" Title VII, or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. 42 U.S.C. § 2000e-3(a); *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).

In the instant motion, Defendants argue that Plaintiff is unable to establish a prima facie case of retaliation because she cannot show that she was retaliated against due to her filing of a complaint with the EEO. Dkt. No. 50, at 12. Defendant argues that prior to filing her complaint, Plaintiff was working with her supervisor to hire more TAs to help her with her workload, and therefore it is logical that her workload would decrease with the hiring of additional employees. *Id.* Further, Defendants argue Plaintiff made it clear on more than one occasion beginning in October 2003 that she would not work at the same test session as Farmer, and this resulted in her being assigned to fewer test sessions. *Id.* Defendants argue that Plaintiff's refusal to work test sessions where the presence of all TAs was required was the reason why her performance evaluations as they applied to her "availability" were negatively affected. *Id.* at 13. Defendants argue that Plaintiff's suggestion that OPM officials shifted testing sites to accommodate Farmer and thus reduce Plaintiff's ability to work is

unfounded conjecture. *Id.* Finally, Defendants present as evidence the depositions of Ramirez and Jo McWilliams ("McWilliams"), Lead Test Administrator, as evidence that testing locations are determined by the agency hiring OPM to supervise their test and not by Ramirez or McWilliams. *Id.*

Plaintiff responds that the undisputed facts show that the loss of work assignments by the Plaintiff occurred shortly after she filed her EEO complaint, causing her a loss in pay. Dkt. No. 57, at 3. In addition, Plaintiff argues that directly after her EEO complaint her evaluation noted that her availability was "minimally successful." *Id.* Finally, Plaintiff argues that her personal affidavit demonstrates that the Defendants' argument that the sites were moved to Hidalgo county at the request of other agencies is mere pretext. *Id.* at 4. Plaintiff argues that there is no evidence any request was ever made, and the cost and sizes of the sites in Harlingen were comparable to the ones in Hidalgo County. *Id.*

Defendants concede that Plaintiff satisfies the first element of the prima facie case. Defendants have previously conceded that contacting an EEO counselor qualifies as protected activity. Dkt. No. 33, at 11. To satisfy the second element, Plaintiff alleges that subsequent to her filing an EEO complaint in December 2003, OPM officials retaliated against her by not being fair with the scheduling, by hiring more TAs to avoid assigning Plaintiff to work sites in Hidalgo County, by communicating test assignments through e-mail rather than over the phone, by McWilliams being "abrupt" and "sharp" in her use of tone/voice with the Plaintiff, and by lowering her performance appraisals. Dkt. No. 50, Ex. J, at 37-38, 52-53, 77-79. Although Defendants do not directly address whether they concede that Plaintiff has met the second element of the prima facie case in their current summary judgment motion, the Court finds that for purposes of this analysis, the Plaintiff's testimony that, since filing her EEO complaint, she has been scheduled for fewer tests and worked fewer hours satisfies the second element of the prima facie test. Loss of hours and wages is one of the quintessential "ultimate employment decisions" that can support a claim of retaliation. Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1997) (limiting retaliation

claims to situations involving "hiring, granting leave, discharging, promoting, and compensating"). Therefore, the Court will only consider the third element of the prima facie test.

To satisfy the third prong of a prima facie case, Plaintiff must present some evidence of a causal link between the adverse employment action and the protected activity. Long v. Eastfield College, 88 F.3d 300, 305 n. 4 (5th Cir. 1996). The Fifth Circuit has indicated that this process is "highly fact specific" and identified several factors that may be considered in determining whether a causal link has been demonstrated: (1) the employee's past disciplinary record; (2) whether the employer followed its usual disciplinary procedures when taking the adverse action; and (3) the temporal relationship between the protected activity and the adverse action. Nowlin v. Resolution Trust Corp., 33 F.3d 498, 507-08 (5th Cir. 1994). Close timing alone may be a significant factor, but not necessarily determinative of retaliation. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1092 (5th Cir. 1995).

Here, Plaintiff has failed to present any evidence of a causal link between the adverse employment action and his complaint with the EEO. To establish a causal link, the Plaintiff must present evidence that "but for" her filing of a complaint, her hours would not have been reduced and she would have not received a negative job evaluation. Shirley v. Chrysler First, Inc., 970 F.2d 39, 43 (5th Cir. 1992). Although the loss of assignments by the Plaintiff and the issuing of a more negative job review occurred after her report to the EEO, there is no evidence that ties the two events together causally. Rather, all of the evidence indicates that the loss of work by the Plaintiff is tied to the hiring of additional employees by OPM and the Plaintiff's refusal to work test sites where Farmer would also be assigned. Dkt. No. 50, Ex. J (Deposition of Plaintiff). Plaintiff stated in her deposition that she had complained to Ramirez that "the workload was getting difficult" and Ramirez responded by asking her to assist in reviewing resumes of new TA applicants. *Id.* at 17. After Plaintiff had her interaction with Farmer, Plaintiff advised Ramirez that she did not want any "direct or indirect

contact" with Farmer. *Id.* at 19-21, 23, 71-72. She declined to work in situations that involved working with Farmer. *Id.* at 22-25, 32-34.

Furthermore, the negative performance appraisal seems causally linked to the Plaintiff's refusal to work certain job sites. The negative appraisal was prepared April 14, 2005, a year after Plaintiff filed her formal EEO complaint on April 14, 2004. Dkt. No. 50, Ex. L, at 17. As Plaintiff notes, it decreased her availability rating based on her refusal to work an upcoming test in May 2005. *Id.* There is no evidence that the review was done in violation of OPM's usual procedures, and all of the evidence presented indicates the negative "availability" review is linked causally to the Plaintiff's refusal to work certain sites. Plaintiff argues that the performance review should have been limited to the period of October 2004 thru March 2005, but instead included her refusal to work certain tests in May 2005. Dkt. No. 57, Ex. 1. However, this alone is not enough to establish but-for causation to her filing of a complaint. Absent any sort of evidence that these actions would not have occurred but for the filing of an EEO complaint, the Court holds that the Plaintiff has not established a prima facie case of retaliation.

Furthermore, even if the Plaintiff could establish a prima facie case of retaliation, the Plaintiff has failed to present any evidence that the Defendants' proffered reasons for their actions are mere pretext. The only evidence that the Plaintiff presents is her own affidavit which makes only general and conclusory allegations that (1) McWilliams intentionally relocated the exams to accommodate Farmer and her personal friends at an increased cost; (2) there was never a request to change sites made at the request of another agency; and (3) the costs and size of sites in Harlingen were similar to those in McAllen, and thus there was no reason to move the testing sites to Hidalgo County. Dkt. No. 57, Ex. 1. However, Plaintiff has not presented one scintilla of credible evidence that McWilliams' decisions were made on the basis of favoritism, nor would favoritism alone form a basis for a Title VII claim. *See* Odom v. Frank, 3 F.3d 839, 849-850 (5th Cir. 1993).

Additionally, Plaintiff has not presented any evidence other than her own affidavit that the cost of sites in Harlingen were the same as those available in Hidalgo County or that she would have known if another agency had requested that a testing site be moved. However, after McWilliams was hired in late 2003, Plaintiff no longer was responsible for locating and negotiating for test sites with vendors. Dkt. No. 50, Ex. K, at 10-11, 41-42. Therefore, Plaintiff's "knowledge" is mere conjecture. Additionally, McWilliams stated in her deposition that when selecting a test site she took into consideration the needs of the contracting agency as well as the cost. *Id.* at Ex. L, 28-29, 34-36. McWilliams states that the McAllen Convention Center offered a room twice the size of what OPM was using in Harlingen for less than half the price. *Id.* at 28-29. She states that after selecting the location, she would then assign tests in Hidalgo County to Farmer, because she lived in the county, and ones in Cameron County to Plaintiff, because Plaintiff lived there and refused to work with Farmer. *Id.* at 12, 23, 36.

In light of this evidence, Plaintiff's conclusory allegations that the decisions were made solely on the basis of favoritism and in retaliation for her OPM complaint are unsupported by any of the evidence. Plaintiff cannot use her own affidavit to create a question of fact about which she does not have personal knowledge. Therefore, the Court **GRANTS** Defendants' Motion for Summary Judgment on Plaintiff's retaliation claim.

### IV. Hostile Work Environment Claim

Plaintiff's complaint indicates that she intends to assert a hostile work environment claim. Dkt. No. 9, at 4 ("Plaintiff would show that these acts constitution violation of Title VII in that they constitute a hostile work environment . . . for filing a claim with the EEO of the Office of Personnel Management"). However, it appears from Plaintiff's pleadings that she intends to make a claim for a retaliatory hostile work environment. Defendants' motion for summary judgment argues that the Plaintiff has failed to establish a prima facie case for a retaliatory hostile work

environment claim. Dkt. No. 50, at 15. Plaintiff does not respond to Defendants' motion on this claim.

A prima facie case of harassment alleging hostile work environment normally consists of five elements: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. Felton v. Polles, 315 F.3d 470 (5th Cir. 2002) (citing Celestine v. Petroleos de Venezuella SA, 266 F. 3d 343, 353 (5th Cir. 2001)). Although it is unclear whether the Fifth Circuit, in light of *Burlington Northern & Santa Fe Ry. Co v. White*, 548 U.S. 53 (2006), recognizes a claim for retaliatory hostile work environment, the Plaintiff would have to present evidence that the harassment was a result of her protected activity.

Plaintiff alleges that subsequent to her filing an EEO complaint in December 2003, OPM officials retaliated against her by not being fair with the scheduling, by hiring more TAs to avoid assigning Plaintiff to work sites in Hidalgo County, by communicating test assignments through e-mail rather than over the phone, by McWilliams being "abrupt" and "sharp" in her use of tone/voice with the Plaintiff, and by lowering her performance appraisals. Dkt. No. 50, Ex. J, at 37-38, 52-53, 77-79. However, as discussed *supra*, Plaintiff has failed to present any evidence that these actions were the result of either her membership in a protected group or her protected activity. Plaintiff's subjective belief that these actions constitute harassment and that the alleged harassment was because of her membership in a protected group or her protected activity is insufficient. *See* Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 403 (5th Cir. 2001). "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient." E.E.O.C. v. La. Office of Cmty. Servs., 47 F.3d 1438, 1443-44, 1448 (5th Cir. 1995). The Plaintiff has failed to establish a prima facie

case of a retaliatory hostile work environment claim. Therefore, Defendants' motion for summary judgment on this claim is therefore **GRANTED**.

## V.  Conclusion

The Court determines that Plaintiff has failed to present sufficient evidence of (1) her claim of retaliation based on allegedly adverse conduct that occurred after Plaintiff filed her EEO complaint; and (2) her claim of a retaliatory hostile work environment. Accordingly, the Court **GRANTS** Defendants' Motion and Memorandum in Support for Summary Judgment in accordance with these findings. Dkt. No. 50.

DONE at Brownsville, Texas on March ___, 2010.

Hilda G. Tagle
United States District Judge